

____ FILED        ____ LODGED
____ RECEIVED     ____ COPY

MAR 1 5 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Brandon Glen Jackson
Brandonjackson178@gmail.com
6208 S 44th Ave
Laveen AZ 85339
Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Glen Jackson,<br>Plaintiff,<br><br>V<br><br>Federal Bureau of Investigations, et al.,<br>Defendants. | NO. CV22-01898-PHX-JJT-(ESW)<br><br>**PLAINTIFF BRANDON JACKSON'S MOTION IN OPPOSITION TO DISMISS**<br><br>**AND**<br><br>**MOTION TO AMEND COMPLAINT** |

Under Rule 15(a) and Rule 15(d) of the Federal Rule of Civil Procedure, Plaintiff Brandon Glen Jackson wishes to amend the complaint filed on February 9, 2023. The Plaintiff Brandon Jackson moves in opposition to dismiss the defendant Neha Bhatia's and Attorney Rachel Mitchell's motion to dismiss.

Opposition to dismissal is in the best interest of justice because:

1. Plaintiff Brandon Jackson's motion to amend the complaint filed will fulfill the Plaintiff's requirements against Maricopa County Attorney's office's violation of the Second Amendment, Fourth Amendment, Fifth Amendment and also add Sixth and Fourteenth Amendment violations.

2. Defendant Neha Bhatia acted/ is acting as an "Investigator" during her position as "prosecutor", which negates her prosecutorial immunity.

3. Defendants acknowledge the Plaintiff to be part of a targeted political group in their motion to dismiss, validating the Plaintiff's First Amendment complaint against the FBI and Bhatia.

1

4. Defendants acknowledge the Plaintiff participated in various protests throughout Maricopa County In their motion to dismiss, validating the Plaintiff's First Amendment complaint against the FBI and Bhatia.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Standard under Rule 15(a)(1).

"*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Rule 15. Amended and Supplemental Pleadings*
To satisfy the defense's response, Mr. Jackson will amend the complaint to include legal statutes and regulations in which Mr. Jackson claims to violate the Second Amendment which is outlined below in section III(B).

### II.  Prosecutorial Immunity

In CR2022-006716 and CR2020-145527 Neha Bhatia, the prosecutor in Jackson's case is/was acting as an investigator for the FBI in an attempt to determine who the owner of a specific firearm belonged to. The FBI was unable to determine who the firearm belonged to due to the firearm being a homemade 80% AR style rifle. In doing so, Bhatia is attempting to get Jackson to self incriminate himself to get a conviction, a direct violation of his Fifth Amendment right. Bhatia also filed the complaint CR2022-006716, not the FBI, meaning she is responsible for bringing forth the charges and investigation, not the FBI (And lied to the court about serving Jackson, resulting in a warrant for Jackson and ultimately his arrest). *Imbler* states "The purpose of the Court of Appeals' focus upon the functional nature of the activities, rather than respondent's status, was to distinguish and leave standing those cases, in its Circuit and in some others, which hold that a prosecutor engaged in certain investigative activities enjoys, not the absolute immunity associated with the judicial process, but only a good faith defense comparable to the policeman's." also "We have no occasion to

2

consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer, rather than that of advocate. We hold only that, in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman, 424 U.S. 409 (1976)*. Bhatia's only "evidence" against Jackson is a statement that Jackson made to "stick with the plan" in which neither Bhatia nor the FBI has any idea of what that plan may be or entails (CR2022-006716). To find out what "the plan" is, Bhatia has to investigate both Jackson and one of his co-defendants in hopes they self incriminate some sort of underlying hindering of an investigation. Further, one of the FBI agents submitted a phone recording with other FBI agents, in that recorded phone call, the FBI mentions that Bhatia agreed to pursue Jackson with them and laughed about it which shows malice on Bhatia's behalf and her close association with the FBI during the case to do anything to get a conviction. Bhatia was not working on behalf of the state, rather on behalf of the federal government (mentioned below in section IV).

### III.   Legal Argument

#### A. Defendants acknowledgement of violations

In the defense's motion to dismiss in section III "Background and procedural history", the defense acknowledges that Jackson was involved in multiple protests along with his association with the group known as the "Boogaloo". Multiple court cases which include *De Jonge v. Oregon, 299 U.S. 353 (1937)*, *Hague v. Committee for Industrial Organization, 307 U.S. 496 (1939)*, and *Shuttlesworth v. Birmingham, 394 U.S. 197 (1969)*, ruled that state governments may not violate the constitutional right of peaceable assembly, citizens may protest without a permit, and enunciated the preferred position doctrine for freedom of speech and assembly. Targeting political groups for protesting is a direct violation of the First Amendment's freedom of speech and thought.

**B. Amending the complaint to properly address the Defendants complaint of failing to allege a proper claim.**

To satisfy the Defense's response, the newly amended complaint will add a few laws which include the *Nation Fire Act of 1934* which prohibits curtain firearms (and Arizona statutes to reflect). In *District of Columbia* v. *Heller*, 554 U. S. 570, and *McDonald* v. *Chicago*, 561 U. S. 742, the Court held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense. The test that the Court set forth in *Heller* and applies today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding. Further under *New York State Rifle & Pistol Assn., INC. v. BRUEN 818 Fed.* The main focus in Bruen was the right of an individual to carry a firearm outside the home for self-defense, but in addition to confirming that right, SCOTUS also ruled that the two-step process that courts have been using in Second Amendment cases was also unconstitutional. To continue, *Ariz. Rev. Stat. § 13-3108* states that *"B. A political subdivision of this state shall not require the licensing or registration of firearms or ammunition or any firearm or ammunition components or related accessories or prohibit the ownership, purchase, sale or transfer of firearms or ammunition or any firearm or ammunition components, or related accessories."*. Meaning that the state, county, or city shall not require registration of firearms, which Mr.Jackson was targeted and initially charged for not doing.

Further more, on 5/25/22 Mr.Jackson's charges were dismissed with prejudice. On 6/16/22 Neha Bhatia filed an appeal to dismiss without prejudice. As the Defense stated, after the appeal the charges were dismissed without prejudice. However, refiling charges violates the 6th Amendment, the right to a speedy trial. Mr. Jackson believes that the defense did not have proper evidence against Mr.Jackson and wanted to avoid trial by dismissing the charges. Once MCAO drained Mr.Jackson of legal funds, they refiled charges in hopes to get a conviction.

4

**IV.    Response to Defenses Motion Section V and Plaintiff's Motion to Continue Instead of Stayed.**

The investigation against Mr.Jackson started as an FBI investigation where the FBI was pursuing Mr.Jackson. During the initial arrest on 12/04/2020, The Federal Bureau of Investigations attempted to arrest Jackson, but Phoenix Police Department took the arrest instead. The FBI continued the investigation on behalf of the State of Arizona while Phoenix PD took a step to the side after the raid on Jackson's residence.  The defense's use of *Kelly v. Robinson, 479 U.S. 36, 49 (1986)* ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court granting equitable types of relief") is unfit and not satisfied due to the fact that the FBI is in charge of the investigation against Jackson and Bhatia is acting on behalf of the FBI instead of Arizona During the raid on Mr.Jackson's residents, Phoenix's SAU (swat team) found nothing illegal and were mad they raided the residence, body cam video is available proving this. After SAU left, FBI came in and seized Jackson's property. Additionally, Phoenix PD who were at the initial stand off on Dec 4th 2020 refused to be a part of the investigation after they left their initial report.  Officers either "did not remember" the incident or straight up refused to be interviewed due to "lack of involvement".  Multiple officers who were on scene were shocked that Mr.Jackson was still being charged and had an indictment as many of the officers agreed with Jackson on the issue at hand (Even after the standoff, Jackson talked to many officers at capital protests who agreed with Jackson). The only officers who aided Bhatia in this case were the FBI and solely the FBI. Thus, Bhatia was working on behalf of the FBI and detectives working with the FBI, making this a federal issue that Bhatia put herself in the middle of on her own accord by continuing to pursue Jackson.  Bhatia's interest was not with the state of Arizona, rather with the federal government.

Further, *Younger v. Harris, 401 U.S. 37 (1971)* states "federal courts may not hear the case until the person is convicted or found not guilty of the crime unless the defendant will suffer an irreparable injury that is "both great and immediate."". There are three exceptions to *Younger, Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003):*

1. Where the prosecution is in bad faith (i.e. the state knows the person to be innocent)—as applied in *Dombrowski v. Pfister,* or
2. Where the prosecution is part of some pattern of harassment against an individual; *or*
3. Where the law being enforced is utterly and irredeemably unconstitutional (e.g., if the state were to pass a law making it a crime to say anything negative about its governor under any circumstances).

Mr. Jackson has already suffered great and immediate injury from both the current and previous charges/investigation. Mr. Jackson has lost his job as a fortune 10 Software Engineer, career, home, business, is currently homeless, can not get an appropriate job due to the charges and being labeled as "domestic terrorist" prevents Jackson from passing security clearances needed for his career. Mr. Jackson is also still being targeted by the FBI, ATF, DHS, and other federal departments. Mr. Jackson's life is in danger and in immediate threat due to the nature of the investigations. Mr. Jackson fears that his life may be taken like others related to the political group Jackson is associated with.

To continue, Bhatia led the grand jury on "potential future crimes" Jackson *may* commit to get the indictment (CR2020-145527), instead of facts and evidence of the current situation. Bhatia did this due to the jury about to deny the indictment because the jury acknowledged that the investigation started over a protest at the FBI HQ in Phoenix where stickers were placed on the building (a protected right, not considered vandalism). One of the jury stated "So this is all about stickers?". As mentioned above in section II, Bhatia agreed to pursue Jackson with the FBI and laughed about it, showing malice. Maricopa County has continued to charge Mr.Jackson with multiple bogus charges while at protests

6

which get dismissed, this includes case number TR2022123810 on 6/27/2022.
These charges are dismissed within a few months, if not weeks and not refiled
unlike Bhatia's case that took a year and a half without a trial, then refiled making
it 2.5 years without a trial.  Neha Bhatia lied to the court about serving
Mr.Jackson to ensure a warrant for his arrest was issued (CR2022-006716)
which could have resulted in death for Mr.Jackson for the seriousness of the
situation.

Mr. Jackson was initially allowed to possess firearms before the
indictment, but the indictment's release conditions stated that Jackson could not
possess firearms. Bhatia never gave the original indictment paperwork to
Mr.Jackson or his defense attorney, which was court ordered (CR2020-145527).
Because of this, Mr.Jackson also has a pending Federal case out of Maryland
("Traveling across interstate commerce while on indictment with a firearm") which
came to be due to the indictment (release conditions never given to Jackson) that
was dismissed after by Bhatia(CR2020-145527). Due to the warrant and arrest
from CR2022-006716, Mr.Jackson was accused of violating his pretrial release
from the federal Maryland case which started from her failure to provide the
release conditions to Jackson. .

Two of the three exceptions to *Younger* have been fulfilled due to a bad
faith prosecution, and the unconstitutionality of the situation. Mr.Jackson will
suffer and already has suffered an irreparable injury that is "both great and
immediate".Jackson continues to be a target by the federal government wherever
he goes throughout the U.S due to the charges that the defendants have placed
on him and his association with his political group. Further, anyone who
associates with Mr.Jackson is also placed on a watch list and is banned from
social media, Amazon Web Services, and is illegally banned from firearm
purchases. These U.S citizens have no record and have not been charged with
any crimes, yet are targeted for being business partners and friends of Mr.
Jackson. Staying this complaint will allow MCAO and FBI to further censor and
infringe on not only Jackson's rights but other citizens who have committed no
crimes.

## V.     Conclusion.

For all the reasons stated above, Mr.Jackson's claims against MCAO Neha Bhatia should continue and not be dismissed.

Respectfully submitted on March 15th, 2023.

BRANDON G JACKSON

PLAINTIFF, PRO SE