RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:  MAXINE S. MAK (031158)
     ANGELA D. LANE (035963)
     makm@mcao.maricopa.gov
     lanea01@mcao.maricopa.gov
     Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Bhatia and Maricopa
County Attorney Rachel H. Mitchell

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brandon Glen Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Investigations, et al.,<br><br>    Defendants. | NO. CV22-01898-PHX-JJT-(ESW)<br><br>**DEFENDANTS BHATIA AND MARICOPA COUNTY ATTORNEY RACHEL H. MITCHELL'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

This Court should grant Defendants Bhatia ("Bhatia") and Maricopa County Attorney Rachel H. Mitchell's ("Mitchell") (collectively, the "MCAO Defendants") Motion to Dismiss because the Second Amended Complaint ("SAC") fails to state claims against the MCAO Defendants in their individual or official capacities.

**I.   Bhatia has absolute prosecutorial immunity and the SAC does not plausibly allege that Bhatia was acting outside of the scope of her role as prosecutor.**

To evade the absolute prosecutorial immunity bar, Plaintiff Brandon Jackson ("Jackson") asserts that Bhatia is not entitled to prosecutorial immunity because she was acting as an "investigator." [Doc. 23 at 1.] Yet, there are no allegations in the SAC which show Jackson's claim Bhatia's involvement in his case was anything other than prosecutorial. The SAC alleges that Jackson engaged in protesting activity between October and December 3, 2020. [Doc. 14 at 8.] On December 8, 2020, Bhatia charged Jackson via a Direct Complaint. [Doc. 17-1 at 8.] Jackson's house was raided on December 12, 2020. [Doc. 14 at 8.] The first time Jackson links Bhatia to him is when she charges him in CR2020-145527. The SAC does not allege that Bhatia was present when Jackson was arrested. Nor is she alleged to have engaged in any specific investigatory activity prior to Jackson being charged.

Jackson asserts that he intends to file a third amended complaint to allege that "Bhatia ha[d] to investigate Jackson and one of his co-defendants in hopes they self incriminate some sort of underlying hindering of an investigation," and that Bhatia agreed to "pursue" Jackson with the FBI would still be insufficient to support a claim that Bhatia was acting outside her role as prosecutor.[1] [Doc. 23 at 3, 7.] First, absolute prosecutorial immunity applies to "investigative" activities if those activities were performed as part of Bhatia preparing her case. *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984) ("absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as investigative or administrative." (citation and internal quotation marks omitted)). Second absolute prosecutorial immunity applies even if the charges were

---

[1]   In his response, Jackson asserts that Bhatia worked for the federal government rather than the State, likely to get Bhatia outside of the scope of absolute prosecutorial immunity. The Direct Complaint in Jackson's criminal case shows it was filed on behalf of the State of Arizona. [Doc. 17-1 at 12.]

brought maliciously. *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) ("The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry.") Third, Jackson's Response implicitly acknowledges that his allegations against Bhatia relate to prosecuting him, for example, he alleges Bhatia was "pursuing" him and worked with the FBI "to get a conviction." [Doc. 23 at 3.]

Jackson's remaining contentions[2] about Bhatia's actions before a grand jury (Doc. 23 at 6), the superior court during the criminal case (Doc. 23 at 7), filing/re-filing charges (*Id*., at 6-7), and failing to give indictment paperwork to Jackson/his defense attorney (*Id*., at 7) implicate actions undertaken while acting in her role as prosecutor and for which Bhatia is absolutely immune. *See Lacey v. Maricopa County*, 693 F.3d 896, 913 (9th Cir. 2012) (prosecutors absolutely immune for presenting evidence and analysis to grand jury), *see also*, *Kalina v. Fletcher*, 522 U.S. 118, 126 (absolute immunity applies when initiating judicial proceedings or for acts occurring in prosecutor's role as advocate).

Nothing in the SAC or Jackson's Response shows that Bhatia was involved in an "investigative" capacity before she charged Jackson on December 8. After Jackson was charged, Bhatia's "investigative" activity was as an advocate assembling evidence to prove the charges. As such, Bhatia has absolute prosecutorial immunity, and she must be dismissed.

**II.     When prosecuting Jackson, Bhatia acts on behalf of the State of Arizona, not the United States.**

Jackson asserts that Bhatia[3] was acting on behalf of the United States. [Doc. 23 at 5.] Yet, the SAC alleges that Bhatia prosecuted him and does not allege facts showing Bhatia was involved in investigating him before she charged him. Moreover, the Direct

---

[2]     As with all recitations of Jackson's allegations and claims Defendants repeat Jackson's statements for reference and are not an admission of the truthfulness of Jackson's allegations or claims.
[3]     Jackson's Response does not address Mitchell's contention that when addressing prosecutions or setting prosecutorial policy, she is a state actor and entitled to 11th Amendment immunity.

Complaint shows that Bhatia was prosecuting Jackson on behalf of the State of Arizona, not the United States. [Doc. 17-1 at 12.] Accordingly, to the extent that Jackson makes this assertion to claim that Bhatia is not entitled to 11th Amendment immunity on any official capacity claim, he fails.

### III.   Jackson's case does not fall within the exceptions to *Younger* abstention.

Although the SAC does not specifically request that the pending criminal matter be enjoined, Jackson's intent is to enjoin the pending criminal proceedings against him. [Doc. 23 at 7.] Jackson alleges that the 2022 criminal case violates his Fifth Amendment right not to be placed under Double Jeopardy. [Doc. 14 at 8.] Any ruling on the Fifth Amendment Double Jeopardy claim in Jackson's favor effectively enjoins the state court proceeding. Jackson's assertions about prohibitions related to purchasing a firearm due to the indictment also injects the district court into the state court proceeding because the asserted prohibition is a condition of Jackson's release order. [Doc. 23 at 7.] Accordingly, *Younger* abstention applies.

Exceptions to *Younger* abstention exist where 1) state proceedings are conducted in bad faith, for purposes of harassment, or other extraordinary circumstances. None exist here. Jackson argues that *Younger* abstention does not apply because 1) he has "suffered great and immediate injury" because he is unemployed, unemployable and homeless 2) he continues to be targeted by various federal agencies; 3) his "life is in danger and immediate threat due to the nature of the investigations;" 4) the pending prosecution is being conducted "in bad faith." [Doc. 23 at 6-7.] Jackson further argues that the pending prosecution is being conducted in bad faith. Jackson's Response does not show that *Younger* abstention does not apply.

#### A.   There is no bad faith or harassment.

The SAC alleges that Bhatia has a personal vendetta and is retaliating him. Jackson's Response asserts that Bhatia "laughed" when "agreeing to pursue Jackson with the FBI," and that he continues to be charged with "multiple bogus" charges, that the 2020

case Bhatia prosecuted was not dismissed until a year and a half later, and that the case was refiled, "making it 2.5 years without a trial." [Doc. 23 at 6-7.] Jackson's additional assertions are not indicative of bad faith, harassment, or unlawful activity. While Jackson reads bad faith motives into this lawful behavior, this court is not required to accept his characterizations. *See e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (holding that even where allegations are "'consistent with [] unlawful' conduct, a court may conclude they do not plausibly suggest such conduct because they are 'not only compatible with, but indeed ... more likely explained by, lawful ... behavior.'"). The charges filed against Jackson in 2020 were dismissed without prejudice and on March 9, 2023, Jackson was re-indicted for 1) conspiracy to commit hindering prosecution in the first degree and 2) resisting arrest. Bhatia's conduct is more likely explained by prosecutorial behavior than nefarious motives. It is neither unusual nor suspect to dismiss criminal charges without prejudice and refile later. The March 9, 2023 indictment is pending.[4]   Jackson's subjective characterizations of the charges being "bogus" and malicious should not be credited.

Jackson's remaining assertions about not receiving paperwork, violating his pretrial release conditions in a separate federal case because he was indicted in CR2022-006717 are not alleged in the SAC. Even if they were, they fail to show bad faith, harassment, or extraordinary circumstances. Jackson was represented by counsel. If he had questions about release conditions or paperwork, his counsel could have/should have provided him with that information. Jackson also could have obtained that information from the court. Bhatia plays no role in Jackson's purported ignorance of his release conditions.

**B.    Jackson's circumstances are not extraordinary.**

Jackson argues in his Response that the "situation" is unconstitutional and raises issues that were not alleged in the SAC. [Doc. 23 at 7.] Jackson's Response asserts that

---

[4]    *See*, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=cr2022-006716 (last visited March 21, 2023).

*Younger* abstention should not apply because it "will allow MCAO and FBI to further censor and infringe on [] Jackson's rights . . . ." [*Id.*] Crucially, the SAC does not identify what extraordinary circumstances exist in the pending criminal case that necessitate federal intervention into a state prosecution. Jackson's Double Jeopardy claim has no merit. [Doc. 17 at 11, 13-14.] Jackson's assertion about being prohibited from purchasing a firearm because it is a condition of his release is not extraordinary. Such a prohibition is not patently unconstitutional. *See District of Colombia v. Heller*, 554 U.S. 570, 627 (2008) ("Like most rights, the right secured by the Second Amendment is not unlimited."). Jackson's assertions related to being banned from social media are also not extraordinary. It is not extraordinary for individuals to be banned from social media platforms. Nor is it unconstitutional for a social media company to ban someone from their platform.

**IV.    Jackson fails to address the MCAO Defendants' *Monell* argument.**

Jackson does not address the MCAO Defendants' *Monell* argument in his Response. Accordingly, this Court should deem Jackson's failure to respond as conceding that his official capacity claims have no merit, and they should be dismissed.

**V.    Conclusion.**

For the reasons articulated in the MCAO Defendants' Motion to Dismiss and this reply, the SAC fails to state a claim against the MCAO Defendants in their individual capacity or their official capacities. Accordingly, the claims against them should be dismissed.

RESPECTFULLY submitted this 22nd day of March 2023

                    RACHEL H. MITCHELL
                    MARICOPA COUNTY ATTORNEY

BY:   s/Maxine S. Mak
       MAXINE S. MAK
       ANGELA D. LANE
       Deputy County Attorneys
       *Attorneys for Defendant Bhatia and Maricopa*
       *County Attorney Rachel H. Mitchell*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John J. Tuchi
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 525
401 W. Washington St., SPC 83
Phoenix, AZ 8503-2162

Honorable Eileen S. Willett
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 325
401 W. Washington St., SPC 13
Phoenix, AZ 85003-2120

and **COPY** mailed to:

Brandon Glen Jackson
6208 S. 44th Ave
Laveen, AZ 85339
*Pro Se*

s/ S. R.

S:\CIVIL\CIV\Matters\RM\2023\Jackson v FBI 2023-0222\Pleadings\MTD Reply.docx