JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT
# OF ARIZONA

| | |
|---|---|
| Brandon Glen Jackson, | No. CV-22-01898-PHX-JJT (ESW) |
| Plaintiff, | |
| vs. | **ORDER TO SHOW CAUSE** |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Plaintiff Brandon Glen Jackson brought this pro se civil rights action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the following Defendants: (1) the Maricopa County Attorney's Office, (2) Maricopa County Attorney Rachel Mitchell, (3) Deputy County Attorney Neha Bhatia, (4) the Federal Bureau of Investigation (FBI), (5) the FBI Phoenix Field Office, (6) Special Agent Jason L. Saitta, and (7) Special Agent Jennifer Baniszweski. (Doc. 14.)

On August 21, 2023, the Clerk of Court issued an Entry of Default against the FBI. (Doc. 28.) For the reasons set forth below, the Court will set aside the Entry of Default and issue an Order to Show Cause directing Plaintiff to show cause why the FBI, the FBI Phoenix Field Office, Baniszweski, and Saitta should not be dismissed for failure to serve.[1]

---

[1] Before the Court are the County Defendants' Motion to Dismiss (Doc. 17) and Plaintiff's Motion to Amend (Doc. 23) and Motion for Hearing (Doc. 26). These Motions will be addressed in a separate Order.

## I.  Background

On February 9, 2023, Plaintiff filed his Third Amended Complaint against the above-named Defendants. (Doc. 14.) His claims arose in late 2020 and early 2021. (*Id.* at 8.) Plaintiff asserted that the Maricopa County Attorney's Office worked directly with the FBI Joint Terrorism Task Force to strip citizens of their constitutional rights "under the guise of 'Counterterrorism' and 'National Security.'" (*Id.* at 9.) Plaintiff alleged that following his involvement in group protests at different locations, including the FBI Headquarters, the Arizona State Capitol, and the Maricopa County Tabulation and Election Center, the FBI targeted him based on his political beliefs and his affiliation with a group known as "The Boogaloo." (*Id.* at 9–10.) Plaintiff alleged that the FBI spied on him at his residence and followed him to a protest, where he was shot with a rubber bullet and his vehicle and personal property were damaged and seized without a warrant. (*Id.* at 8–9.) Plaintiff alleged that, shortly thereafter, Defendants Saitta and Baniszweski led a search on Plaintiff's residence and seized property that was not listed in the search warrant. (*Id.* at 8.) Plaintiff claimed that he was then subject to investigation and wrongful prosecution by the Maricopa County Attorney's Office. (*Id.* at 8–9.) Based on these allegations, Plaintiff brought claims pursuant to § 1983 and *Bivens* for alleged violations of his First, Second, Fourth, and Fifth Amendment rights. (*Id.* at 3–4.) Plaintiff seeks injunctive relief and monetary damages. (*Id.* at 12.)

With respect to the FBI Defendants, on March 3, 2023, Plaintiff filed a Certificate of Service signed by Zachary Mueller, from ZM Legal Services, indicating that, on February 21, 2023, Mueller personally served Jennifer Baniszweski a copy of the summons and complaint in this action. (Doc. 18 at 1.)

Also on March 3, 2023, Plaintiff filed documents titled "Service Executed . . . Certificate of Service re: Summons and Complaint upon Jason L. Saitta on 2/21/2023" and "upon Federal Bureau of Investigation on 2/21/2023." (Docs. 20, 21.) These two Certificate of Services indicate that copies of the summons and complaint were personally served on Baniszweski on February 21, 2023. (*Id.*)

To date, none of the FBI Defendants have appeared in this action.

On August 21, 2023, Plaintiff filed an Application for Entry of Default against the FBI. (Doc. 27.) In his affidavit of support of the Motion for Entry of Default, Plaintiff averred that the FBI was served a copy of the summons and complaint on February 21, 2023, as reflected on the docket by the proof of service filed on March 3, 2023. (Doc. 29, Pl. Aff. ¶ 4.)

On August 21, 2023, the Clerk of Court issued an Entry of Default against the FBI. (Doc. 28.)

**II.   Discussion**

Under Federal Rule of Civil Procedure 4(i)(2), to serve a United States agency like the FBI, the plaintiff must serve the United States and also send copies of the summons and complaint by registered or certified mail to the agency or corporation.

To serve the United States, the plaintiff must (1) deliver copies of the summons and complaint to the United States attorney for the district were the action is brought (or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk), or send copies of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and (2) send copies of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)–(B).

Finally, where a federal employee is sued in his or her individual capacity, Rule 4(i)(3) requires the plaintiff to serve the United States and also serve the employee pursuant to Rule 4(e), which requires service according to the state law for serving a summons or by delivering copies of the summons and compliant to the individual personally, leaving such copies at the individual's dwelling with someone of suitable age who resides there, or delivering such copies to an agent authorized by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2).

According to the docket, Plaintiff personally served Defendant Baniszweski on February 21, 2023. (Doc. 18.) But there is no showing that Plaintiff also served the United States as required under Rule 4(i)(3). Thus, there has not been proper service on Baniszweski.

Plaintiff's filings show that Defendant Saitta has not been personally served. Personal service on Baniszweski does not constitute personal service on Saitta because there is no evidence that Baniszweski is an agent authorized by law to receive service of process on Saitta's behalf. Nor, as stated, has Plaintiff served the United States as required under Rule 4(i)(3).

Similarly, personal service on Baniszweski does not constitute service on the FBI. Again, to properly serve the FBI, Plaintiff must serve the United States and send copies of the summons and complaint by registered or certified mail to the FBI. Fed. R. Civ. P. 4(i)(2). Plaintiff has not properly completed either of these two requirements; thus, there has not been proper service on the FBI. Accordingly, the Entry of Default against the FBI was entered in error, and the Court will withdraw the Entry of Default.

Under Federal Rule of Civil Procedure 4(m), if a summons and complaint are not served upon a defendant within 90 days after filing, the Court must, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. As explained, Plaintiff has not properly served the FBI, the FBI Phoenix Field Office, Baniszweski, or Saitta, and more than 90 days has elapsed since the filing of Plaintiff's Third Amended Complaint. The Court will therefore direct Plaintiff to show cause why this action should not be dismissed as to these four Defendants for failure to serve.

**IT IS ORDERED:**

(1) The Clerk of Court must **withdraw** the Entry of Default as to the Federal Bureau of Investigation (Doc. 28).

(2) Within **20 days** from the date of this Order, Plaintiff must file a "Response" to this Order and **show cause** why this action should not be dismissed as to the FBI, the FBI Phoenix Field Office, Baniszweski, and Saitta for failure to serve.

Dated this 25th day of August, 2023.

Honorable John J. Tuchi
United States District Judge