JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Glen Jackson,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Federal Bureau of Investigation, et al.,<br><br>　　　　　　Defendants. | No.  CV-22-01898-PHX-JJT (ESW)<br><br>**ORDER** |

On August 25, 2023, the Court issued an Order to Show Cause directing Plaintiff Brandon Glen Jackson to show cause why the Federal Bureau of Investigation (FBI), the FBI Phoenix Field Office, and Special Agents Jennifer Baniszweski and Jason L. Saitta should not be dismissed as Defendants for failure to serve. (Doc. 30.) On September 11, 2023, Plaintiff's filed his Response. (Doc. 31.) The Court will discharge the Order to Show Cause and extend the deadline for Plaintiff to serve the FBI Defendants.

**I.	Background**

Plaintiff brought claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his First, Second, Fourth, and Fifth Amendment rights against (1) the Maricopa County Attorney's Office, (2) Maricopa County Attorney Rachel Mitchell, (3) Deputy County Attorney Neha Bhatia, (4) the FBI, (5) the FBI Phoenix Field Office, (6) Special Agent Saitta, and (7) Special Agent Baniszweski. (Doc. 14.)

In its Order to Show Cause, the Court explained that to serve a federal employee, a plaintiff must (1) serve the United States and (2) serve the employee pursuant to Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(i)(3).[1] To serve a United States agency like the FBI, a plaintiff must (1) serve the United States and (2) send copies of the summons and complaint by registered or certified mail to the agency or corporation. Fed. R. Civ. P. 4(i)(2).

The docket showed that Plaintiff personally served Baniszweski pursuant to Rule 4(e); however, he did not personally serve Saitta, nor did he serve the United States or the FBI as required under the relevant provisions of Rule 4.

In his Response to the Order to Show Cause, Plaintiff states that he hired a third-party servicing company to effect personal service on Baniszweski and Saitta, but the FBI refused to acknowledge the summons and complaint, and ultimately, only Baniszweski was personally served. (Doc. 31 at 1.) Plaintiff also states that he served the United States Attorney General via registered or certified mail; however, he cannot locate the receipt and tracking number. (Id. at 2.) Plaintiff explained that he experienced difficulty ascertaining the correct official mailing addresses for the FBI. (Id. at 2–3.) Lastly, Plaintiff provides evidence to show that on March 2, 2023, he sent a copy of the summons and complaint to the Arizona Attorney General's Office via email. (Id. at 6–7.) Plaintiff requests that the Court extend the time to effect service and that he be provided the home address of Special Agent Saitta and the appropriate address of the FBI. (Id. at 4.)

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

---

[1] To serve the United States, a plaintiff must (1) deliver copies of the summons and complaint to the United States attorney or designee or send copies of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and (2) send copies of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)–(B).

- 2 -

the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id*. at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added)

### III. Discussion

Under Rule 4(i)(4)(B), "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United Stated officer or employee." Thus, because Plaintiff has personally served Special Agent Baniszweski, the Court must allow Plaintiff a reasonable time to cure his failure to serve the United States.

Although Plaintiff asserts that he served the United States Attorney General, absent a copy of the receipt, he will be required to re-send via registered or certified mail a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C. *See* Fed. R. Civ. P. 4(i)(B). To complete service on the United States, Plaintiff must also deliver a copy of the summons and complaint to the United States Attorney for the District of Arizona or send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(A)(i) & (ii). Plaintiff's

email to the Arizona Attorney General's Office is not a substitute for either of these steps, which require service on the United States Attorney, not the State Attorney General.

But considering Plaintiff's diligent attempts to effect service on the FBI Defendants, at least one FBI Defendant receiving actual notice of the lawsuit, the fact that a Scheduling Order has not yet been issued, and little or no prejudice to Defendants if an extension is granted, the Court finds good cause and will allow Plaintiff a reasonable time to properly serve the FBI Defendants. However, Plaintiff's request for the addresses of Saitta and the FBI will be denied; "[i]t is not the Court's role to assist Plaintiff in obtaining Defendants['] . . . addresses." *Hernandez v. Ryan*, No. CV-19-04885-PHX-JJT (ESW), 2021 WL 6424408, at *2 (D. Ariz. June 7, 2021); *see Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("[a] district court lacks the power to act as a party's lawyer, even for pro se litigants"); *Barmes v. Nolan*, 123 F. App'x 238 (7th Cir. 2005) ("plaintiffs . . . who are not indigent bear the responsibility for effecting service of process").

**IT IS ORDERED:**

(1) The August 25, 2023 Order to Show Cause (Doc. 30) is **discharged**.

(2) Within **30 days** from the date of this Order, Plaintiff must personally serve Saitti, serve the FBI, and serve the United States as described in this Order.

(3) If Plaintiff does not effect service within 30 days of the filing of this Order, the action may be dismissed as to each Defendant not served.

(4) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 4th day of October, 2023.

Honorable John J. Tuchi
United States District Judge